IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JESSIE JAMES WHIGHAM,**
        **Plaintiff,**

vs.                                        5:08cv51/RS/MD

**MS. EVE, et al.,**
        **Defendants.**

---

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 25, 2008 and a motion to proceed *in forma pauperis* (doc. 1 & 2). Plaintiff names Nurse Eve, Correction Officer Mile, Correction Officer Harrton, Dr. Ronald Lippman, and Troy Flower as the defendants in this case. Plaintiff claims that he was injured as a result of being forced to use defective/oversized shower shoes issued to him at Bay County Annex. Plaintiff further claims that he received inadequate medical attention for his twisted ankle, in violation of the Eighth Amendment, and that the injury was compounded when officers forced him to ambulate on it.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the plaintiff's complaint, it appears this case should be dismissed as malicious.

On page five of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action? Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (Complaint, p. 5). On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes." He lists a single case, 5:07cv170/RS/MD, *Whigham v. Ponte*, which is still pending.

On page six of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes" and lists a single case, 5:07cv246, *Whigham v. Rohan*, which was dismissed for failure to state a claim. (*Id.*, p. 6). On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes" and lists case 5:07cv159, *Whigham v. Lippman.* (*id.*). For both of the questions on page six, plaintiff is advised to attach additional pages as necessary to list additional cases. Plaintiff has not attached any additional pages.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7). Thus, plaintiff has in effect stated that other than the three listed cases, he has initiated no other lawsuits in federal court that relate to the fact or manner of his imprisonment or the conditions of his imprisonment.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[1], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[2]

Upon review of the court's records, the Clerk has advised, and this Court may take judicial notice, that plaintiff has previously filed the following cases in the Northern District of Florida:

| | |
|---|---|
| 3:96cv489/RV–Whigham v. Walton Corr. Inst. et al. | **Closed 12/23/96** |
| 3:97cv325/RV–Whigham v. Garner | **Closed 01/14/98** |
| 5:01cv175/LAC–Whigham v. Georgakias, et al. | **Closed 01/07/02** |
| 5:96cv383/RH–Whigham v. Keeton | **Closed 02/20/97** |

---

[1] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

**In addition to the two cases plaintiff lists on the complaint form that have been dismissed for failure to state a claim,[3] case 3:97cv325/RV was also dismissed for that same reason.**

**The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, from reading the complaint form, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).**

---

[3]The court notes that case 5:07cv159/RS/MD was dismissed on alternative grounds. The case was dismissed without prejudice because of plaintiff's failure to comply with an order of the court, failure to prosecute <u>and</u> for failure to state a claim. (5:07cv159/RS, doc. 44). There was no specific citation to § 1915(e)(2)(B)(ii), and thus, in an abundance of caution the court has not considered that dismissal as such for the purpose of this recommendation and plaintiff's motion to proceed *in forma pauperis*, although plaintiff himself considered the dismissal as one for failure to state a claim. If the instant recommendation is not adopted, the court will reconsider its assessment of plaintiff's motion for leave to proceed *in forma pauperis* and its analysis of plaintiff's status as a "three-striker."

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the purpose of this recommendation only.

And it is respectfully RECOMMENDED:

That this cause be dismissed without prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

At Pensacola, Florida, this 3rd day of March, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).